<u>NOT FOR PUBLICATION</u>                              (Docket Nos. 16, 22, 28)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____ :
DEVELOPERS SURETY & INDEMNITY,       :
Co.,                                  :
                                      :
                Plaintiff,            :   Civil No. 06-0086 (RBK)
        v.                            :   **OPINION**
                                      :
NDK GENERAL CONTRACTORS, INC.,        :
et als.,                              :
                                      :
                Defendants.           :
_____ :

**KUGLER**, United States District Judge:

    This matter comes before the Court on motion by Plaintiff Developers Surety & Indemnity, Co. ("Plaintiff") for default judgment of its claims against Defendants NDK General Contractors, Inc., Nicole Kemenash, Paul Paez, Kathleen Crescenzi, Joseph Crescenzi, Davina Levari, and Kenneth Levari, III ("Defendants"), for failure to appear or otherwise respond to Plaintiff's Amended Complaint of January 19, 2006. Also before the Court is a motion by Defendants to set aside the clerk's entry of default on August 4, 2006, and a motion by Plaintiff to compel Defendants to comply with the Consent Order entered with this Court on January 30, 2006.

    For the reasons set forth below, Plaintiff's motion for default judgment will be denied. Defendants' motion to set aside

default will be denied.  Plaintiff's motion to compel compliance with the Consent Order will be granted.

**I.   Background**

Plaintiff alleges that on or about October 25, 2004, Defendants signed an Indemnity Agreement ("Agreement") in favor of Plaintiff to induce Plaintiff to issue performance and payment bonds for construction projects on behalf of Defendant NDK.

Under the terms of the Agreement, Defendants agree to indemnify and hold Plaintiff harmless from all liability under bonds issued by Plaintiff. Also under the terms of the Agreement, Defendants gave Plaintiff sole discretion to review and pay claims on bonds Plaintiff issued.  The Agreement also provides that Defendants will post collateral when demanded by Plaintiff equal to any reserve account set up by Plaintiff to cover any loss, contingent or otherwise.

After Plaintiff and Defendants executed the Agreement, Defendant NDK entered into a contract with the Commonwealth of Pennsylvania Department of General Services to perform work at the Embreeville State Hospital ("Project").  Defendant NDK requested that Plaintiff issue a Contract Bond in the amount of $3,189,000.00 to guarantee Defendant NDK's performance obligations under its contract with the Pennsylvania Department of General Services and to ensure Defendant NDK's payment obligations to its subcontractors, suppliers, and materialmen.

The Pennsylvania Department of General Services terminated Defendant NDK on October 3, 2005, and demanded that Plaintiff complete the Project.[1] In addition, NDK subcontractors and suppliers made claims on Plaintiff as a result of Defendant NDK's alleged failure to pay for labor and materials Defendant NDK received on the Project.

Plaintiff alleges that it paid $798,634.07 to complete the Project. Plaintiff further alleges that it paid $177,415.61 to Defendant NDK's suppliers and subcontractors for labor and materials Defendant NDK used on the Project. Developers also incurred attorney's fees and other costs in connection with the Contract Bond.

Plaintiff states that in December 2005, it set reserves in the amount of $650,000 to cover losses in connection with the Contract Bond. Accordingly, Plaintiff demanded that Defendants

---

[1] In their Motion to Set Aside Default Judgment, Defendants allege that Defendant NDK notified Plaintiff that the Commonwealth of Pennsylvania Department of General Services wrongfully terminated the contract, and that NDK planned to pursue a claim against the Commonwealth of Pennsylvania Department of General Services to recover damages.
  Moreover, Defendants allege that on November 9, 2005, Defendants' former counsel advised Plaintiff that Defendants were negotiating with "potential payment bond claimants" to establish payment plans. In addition, Defendants' former counsel notified Plaintiff that NDK established, with the assistance of Plaintiff's construction consultant, that the "cost of completion of the Project should not exceed the contract balance and that NDK 'will not be held responsible to [Plaintiff] for any payment that is not received from'" Department of General Services. (Defs.' Mirchandani Aff. ¶ 12.)

deposit collateral to cover the anticipated losses.  Plaintiff also asked that Defendants indemnify it for losses, costs, and expenses Plaintiff incurred in connection with the Contract Bond.  Defendants did not deposit collateral, nor did Defendants indemnify Plaintiff.

Plaintiff filed a Complaint in the United States District Court for the District of New Jersey on January 9, 2006.  Plaintiff sought an injunction to compel Defendants to deposit collateral of $650,000.  Plaintiff also sought to recover losses, costs and fees resulting from Defendant NDK's failure to complete the Project.

On January 12, 2006, Plaintiff filed a motion for a preliminary injunction, and on January 19, 2006, Plaintiff filed an Amended Complaint.  Defendants, represented by former counsel, subsequently agreed to deposit collateral of $650,000 with Plaintiff, and this Court entered a Consent Order to that effect on January 30, 2006.  Defendants allege that over the next several months, the parties discussed drafts of a proposed settlement agreement.

This Court denied as moot Plaintiff's motion for a preliminary injunction on July 17, 2006.

In July 2006, Defendants retained new counsel, and on August 3, 2006, Defendants notified the Court of the substitution of counsel.  Defendants further allege that they notified Plaintiff

of the change of counsel on July 31, 2006.

Plaintiff alleges that despite the Consent Order, Defendants failed to deposit the collateral.  As a result, Plaintiff filed a Motion to Compel Compliance with the Consent Order on June 23, 2004.

The docket for this case reflects that Defendants never answered Plaintiff's Amended Complaint.  On August 4, 2006, Plaintiff requested that the clerk enter default against all Defendants.  Also on August 4, 2006, former counsel for the Defendants submitted a letter to the Court, asking that the clerk not enter default during the period of transition to new counsel.  Regardless, the clerk entered default on August 4, 2006. On August 11, 2006, Plaintiff moved for default judgment.  On September 15, 2005, Defendants moved to set aside the clerk's entry of default.

**II.  Plaintiff's Motion for Default Judgment**

Local Civil Rule 7.1(d)(1) states that "[n]o application will be heard unless the moving papers and a brief . . . and proof or acknowledgment of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion date."  Local Civil Rule 7.1(d)(4) further states that "in lieu of filing any brief pursuant to [Local Civil Rule] 7.1(d)(1) . . . a party may file a statement that no brief is necessary and the reasons therefor."

Plaintiff's submission, labeled as a "Motion for Default Judgment" is inadequate under the Local Civil Rules. Plaintiff's motion packet consists of a one paragraph letter requesting entry of default judgment with no supporting brief applying the relevant legal standard. Plaintiff also attached an affidavit by Daniel J. Berge that substantiates Plaintiff's claim of damages.[2]

Because Plaintiff's application does not meet the requirements of Local Civil Rule 7.1(d)(1), the Court will not hear Plaintiff's application. Accordingly, Plaintiff's motion for default judgment is denied.

### III. Defendant's Motion to Set Aside Default Judgment and for Leave to File Response Out of Time

A.   Standard

In general, federal courts disfavor defaults, and where a party moves to set aside a default, courts should decide doubtful cases in favor of the party moving to set aside a default entry "so that cases may be decided on their merits." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). Federal Rule of Civil Procedure 55(c) states that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). The Third Circuit requires lower courts to consider three factors when determining whether to set

---

[2]   The Court notes that Plaintiff's Affidavit is sufficient to justify Plaintiff's claim of $1,079,366.31 in damages, pursuant to paragraph 2.4 of the Agreement.

aside a default judgment under Rule 55(c): "(1) whether plaintiff will be prejudiced if default is not granted; (2) whether defendant has a meritorious defense; and, (3) whether defendant's delay was the result of culpable misconduct." $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

### B.   Meritorious Defense

The Third Circuit stated that "the threshold question in th[ese] cases is whether [the defendant] . . . established a meritorious defense." Id. at 195. Setting aside the default judgment would be pointless if the defendant "could not demonstrate the possibility of winning." Id.  A defendant establishes a "meritorious defense when [defendant's] allegations, if established at trial, would constitute a complete defense." Id.  A complete defense must "allege[] specific facts beyond simple denials or conclusionary statements." Id.

Defendants allege that the Commonwealth of Pennsylvania Department of General Services wrongfully terminated their contract, and that Defendants advised Plaintiff of their intent to pursue legal action about the contract termination.  Moreover, Defendants allege that they advised Plaintiff of their plans to set up payment plans with potential payment bond claimants, and that the cost of completing the Project should not exceed the contract balance.  Defendants allege that Plaintiff acted in bad faith because Plaintiff was aware of these circumstances and

7

opted to incur the cost to complete the project anyway.

Plaintiff counters that the terms of the Agreement indemnify Plaintiffs for all costs, losses and attorney's fees incurred by Defendants in connection with the Contract Bond, and that the Agreement gives Defendants "sole and absolute discretion" to determine whether Plaintiff should pay, compromise, or defend any bonds.

The Court is not persuaded that Defendants' statements could defeat the allegations in Plaintiff's Complaint. Plaintiff and Defendants bargained for the terms of the Agreement, and the terms are clear.  Paragraph 5.3(iii) of the Agreement states that, if the work at issue relates to the development of real property or construction of improvements upon real property, the Agreement defines "default" as "the . . . involuntary cessation or suspension of work required to be performed by [the] Principal in connection with the Obligation." Further, in the event of default in a project involving the development of real property or construction of improvements upon real property, Paragraph 6.3(i) of the Agreement gives Plaintiff "sole and absolute discretion" to, among other things, "at the expense of the Principal and Indemnitor, to complete the performance required . . . or to cause the same to be completed or to consent to the completion thereof, and to take any other action which [Plaintiff] may deem appropriate in connection therewith."

8

Therefore, the terms of Agreement clearly permitted Plaintiff's course of action once the Commonwealth of Pennsylvania terminated Defendants.

Because the Court finds that Defendants failed to adduce sufficient evidence to constitute a meritorious defense to Plaintiff's claims, and because presenting a meritorious defense is the threshold issue in deciding a motion to set aside an entry of default, the Court denies Defendants' motion to set aside the clerk's August 4, 2006 entry of default.

### III. Plaintiff's Motion to Compel Compliance with the Consent Order

The parties voluntarily entered into a Consent Order filed with this Court on January 30, 2006.  The Consent Order states simply that Defendants agreed to deposit collateral of $650,000 with Plaintiff, "in a form acceptable to Plaintiff," within thirty days of January 24, 2006.

To date, Defendants failed to comply with the Consent Order. In addition, Defendants failed to provide sufficient reason to the Court as to why they failed to comply.  Regardless of what occurred during settlement negotiations, Defendants have an obligation to abide by the terms of the Consent Order. Consequently, the Court grants Plaintiff's motion to compel Defendants' compliance with the Consent Order entered on January 30, 2006 within the time specified in the accompanying Order.

### IV.  Conclusion

The Court denies Defendants' motion to set aside the default judgment.  The Court denies Plaintiff's motion for default judgment.  The Court grants Plaintiff's motion to compel Defendants to comply with the Consent Order that requires Defendants to deposit collateral in the amount of $650,000 with Plaintiff.

Dated: 2/15/2007                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge